# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PATRICIA ANN RICHMOND,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
AT-0752-19-0554-I-1

DATE: May 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maureen T. Holland, Esquire, and Yvette H. Kirk, Esquire, Memphis,
    Tennessee, for the appellant.

Jeremiah P. Crowley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant failed to nonfrivolously allege that her retirement was involuntary, and to address her arguments relating to her proposed demotion, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-12 Financial Management Analyst with the Department of the Navy. Initial Appeal File (IAF), Tab 1 at 9. In February 2019, the agency placed her on a 30-day performance improvement plan (PIP) based on unacceptable performance. IAF, Tab 9 at 9-12. Thereafter, the agency proposed the appellant's removal for failure to meet the standards of the PIP. *Id.* at 26-27. The deciding official mitigated the penalty from a removal to a demotion to a GS-05 Administrative Assistant position. *Id.* at 28-30. On May 24, 2019, the appellant retired from Federal service. IAF, Tab 1 at 9.

The appellant subsequently filed a Board appeal alleging that her retirement was involuntary. IAF, Tab 1. On her initial appeal, she checked the box labeled "no" when asked whether she wanted a hearing before an administrative judge. *Id.* at 2. The administrative judge issued a jurisdictional order informing the appellant of what she must do to establish jurisdiction over

her appeal. IAF, Tab 3 at 2. The administrative judge explained how to make a nonfrivolous allegation of jurisdiction and how to prove jurisdiction over her appeal by preponderant evidence. *Id.* at 2-3. Finally, the administrative judge informed the appellant that, if she successfully made a nonfrivolous allegation, the administrative judge would "schedule a hearing if you requested one or provide for the further supplementation of the record on the jurisdictional issue." *Id.* at 4.

After considering the parties' responses to the jurisdictional issue, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1. She found that the appellant failed to allege facts which, if proven, would establish that a reasonable person in her position would have felt compelled to retire as a result of improper acts by the agency. ID at 5. Rather, the administrative judge found that the appellant's allegations that she was performing work that she was unfamiliar with and did not get along with her supervisor evidenced ordinary workplace stresses. *Id.* The administrative judge further found that the appellant could have appealed her demotion to the Board, rather than retiring. *Id.* Thus, the administrative judge found that the appellant failed to allege facts sufficient to establish that a reasonable person in her position would have felt compelled to retire. *Id.*

The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant failed to nonfrivolously allege that her retirement was involuntary.

An employee-initiated action, such as a retirement, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's

jurisdiction. *Id.* The issue of the Board's jurisdiction in an involuntary retirement case is inextricably intertwined with the merits of the appeal—where the employee establishes the Board's jurisdiction over the appeal by showing that her retirement was involuntary, she has also established the merits of her appeal. *Id.* If an appellant makes a nonfrivolous allegation of facts that, if proven, could establish jurisdiction over her involuntary retirement appeal and she has requested a hearing, then she is entitled to a jurisdictional hearing. *Id.*, ¶ 18. However, the appellant ultimately bears the burden of establishing jurisdiction over her appeal by a preponderance of the evidence. *Id.*, ¶ 17; 5 C.F.R. § 1201.56(b)(2)(i)(A).

The appellant argues on review that the administrative judge applied the incorrect legal standard when finding that she failed to raise a nonfrivolous allegation of jurisdiction over her appeal, identifying the allegedly correct standard as the "could establish" standard. PFR File, Tab 1 at 4-6. The administrative judge found that, even assuming the appellant's allegations were true, they were insufficient to establish that a reasonable person in the appellant's position would have felt compelled to retire. ID at 5. To the extent the administrative judge incorrectly stated that, in order to raise a nonfrivolous allegation of jurisdiction, the appellant needed to allege facts that *would*, rather than *could*, establish jurisdiction, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Specifically, as further discussed below, the appellant has failed to establish facts that, if proven, could establish Board jurisdiction. *See Frison v. Department of the Army*, 94 M.S.P.R. 431, ¶ 4 (2003) (explaining that, to raise a nonfrivolous allegation entitling an appellant to a jurisdictional hearing, an appellant need not allege facts which, if proven, definitely *would* establish that the retirement was involuntary; he need only allege facts which, if proven, *could* establish such a

claim). Moreover, as previously noted, the administrative judge properly informed the appellant of how she could raise a nonfrivolous allegation of Board jurisdiction over her involuntary retirement appeal. IAF, Tab 3 at 2-3. We therefore modify the initial decision to clarify that the appellant failed to nonfrivolously allege that her retirement was involuntary.

The appellant contends on review that the administrative judge failed to properly analyze whether she nonfrivolously alleged that her retirement was based on coercion. PFR File, Tab 1 at 4, 9-10. In particular, the appellant argues that the administrative judge failed to consider relevant facts, such as those pertaining to her discrimination and retaliation claims. *Id.* at 9-10. We find the appellant's arguments unpersuasive.

The doctrine of coercive involuntariness is a narrow one. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of her retirement, she had no realistic alternative but to retire, and her retirement was the result of improper acts by the agency. *Vitale*, 107 M.S.P.R. 501, ¶ 19. The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* When alleging involuntary retirement due to harassment and a hostile work environment, the appellant must demonstrate that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *Id.*, ¶ 20. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness. *Id.*

In determining that the appellant failed to nonfrivolously allege that a reasonable person in her position would have felt compelled to retire, the administrative judge considered the appellant's allegation that her conditions at

work were hostile and caused her blood pressure problems. ID at 5. The administrative judge also considered a May 1, 2019 complaint that she filed with the Deputy of Business Operations alleging a hostile work environment. *Id.* In addition, the administrative judge considered the appellant's contentions that she did not get along with her supervisor and that she was forced to do work she was unfamiliar with, but found that these allegations were insufficient to demonstrate that a reasonable person in the appellant's position would have felt compelled to retire. *Id.*; *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that a feeling of being unfairly criticized and difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to retire). Thus, contrary to the appellant's allegations on review, the administrative judge did consider the appellant's allegations of discrimination to the extent they relate to the issue of voluntariness. *See Vitale*, 107 M.S.P.R. 501, ¶ 20. The appellant has not identified specific facts relating to her allegations of discrimination and retaliation that the administrative judge failed to consider.[2] Moreover, the fact that an initial decision does not mention all of the evidence of record does not mean that the administrative judge did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

On review, the appellant also reiterates that she had no meaningful choice but to retire because she was faced with a demotion. PFR File, Tab 1 at 8-9. She appears to assert that the demotion was unfounded, and that the administrative judge therefore erred in finding that she had a meaningful choice between retiring and appealing the demotion to the Board. *Id.*; ID at 5. To the extent the administrative judge did not explicitly consider the appellant's assertion that the

---

[2] To the extent the appellant is attempting to raise affirmative defenses of discrimination and retaliation, absent an otherwise appealable action, the Board lacks jurisdiction to adjudicate such claims. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

demotion constituted an improper act that deprived her of a meaningful choice, we modify the initial decision to address this issue on review.

The fact that an appellant is faced with an unpleasant choice between retirement or demotion does not affect the voluntariness of the appellant's ultimate choice to retire. *Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540 (1990). Absent a showing that the agency knew or should have known that the demotion could not be substantiated, the fact that the appellant's demotion was proposed did not render the appellant's subsequent retirement involuntary. *Id.* In that scenario, an appellant's choice between retiring and contesting an unfounded adverse action is not a meaningful one because it is a choice between false alternatives. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 10 (2013). To prove that a retirement was involuntary on this basis, an appellant must establish that the agency did not have reasonable grounds for proposing the adverse action. *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 3 (2004).

Here, the appellant has failed to nonfrivolously allege that the agency knew or should have known that the demotion action could not be substantiated. The appellant alleged below that the agency informed her that there were no other positions available to demote her to, when she knew there were vacant GS-9 and GS-11 positions available. IAF, Tab 1 at 5. The decision to demote her to a GS-5 as opposed to a GS-9 or GS-11 position, however, pertains to the penalty determination, and does not constitute a nonfrivolous allegation that the agency did not have reasonable grounds for demoting her. *See Lloyd*, 96 M.S.P.R. 518, ¶ 3. As such, the appellant has failed to nonfrivolously allege that the demotion action rendered her retirement involuntary. *See Garland*, 44 M.S.P.R. at 540. Thus, we agree with the administrative judge's ultimate conclusion that the appellant had a choice between retiring or challenging the demotion as an adverse action before the Board. ID at 5; *see Broderick v. Department of the Treasury*,

52 M.S.P.R. 254, 258 (1992) (finding the Board generally has jurisdiction under chapter 75 to review actions involving reductions in grade and pay).

Based on the foregoing, we find that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over her involuntary retirement appeal.[3]

The appellant is not entitled to a hearing.

The appellant claims on review that the administrative judge erred by not holding a hearing. PFR File, Tab 1 at 6-7. As previously noted, if an appellant makes a nonfrivolous allegation of fact that, if proven, could establish jurisdiction over her involuntary retirement appeal and she has requested a hearing, then she is entitled to a jurisdictional hearing. *Vitale*, 107 M.S.P.R. 501, ¶ 18.

The record here establishes that the appellant specifically did not request a hearing, even after being informed of how she could raise a nonfrivolous allegation of Board jurisdiction entitling her to a jurisdictional hearing. IAF, Tab 1 at 2, Tab 3 at 2-4. The appellant was properly apprised of the elements and her burden to establish Board jurisdiction over her alleged involuntary retirement appeal and she responded to the administrative judge's orders to submit evidence and argument on the jurisdictional issue. IAF, Tab 3, Tab 9. Notwithstanding her failure to request a hearing, we find that the appellant was not entitled to a

---

[3] The appellant additionally appears to argue on review that the administrative judge improperly weighed the evidence in determining that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction. PFR File, Tab 1 at 6-7. The Board has found that, in determining whether the appellant has made a nonfrivolous allegation of Board jurisdiction, an administrative judge may consider an agency's documentary submissions; however, to the extent the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Here, the administrative judge assumed the appellant's allegations were true, notwithstanding the agency's arguments, and found that they failed to amount to a nonfrivolous allegation of Board jurisdiction. *Id.* Thus, the administrative judge did not improperly weigh the evidence here.

hearing even if she had requested one below. As set forth above, the appellant here failed to make a nonfrivolous allegation of jurisdiction, and thus, she is not entitled to a jurisdictional hearing. *See Vitale*, 107 M.S.P.R. 501, ¶ 18.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.